IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY D. LEE, | ) Case. No. 3:16-CV-0089-BAJ-EWJ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LORETTA LYNCH, Attorney General of the United States, and THOMAS E. BRANDON, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

# FIRST AMENDED COMPLAINT

Plaintiff Jeffrey D. Lee, by and through undersigned counsel, complains of Defendants as follows:

## THE PARTIES

1. Plaintiff Jeffrey D. Lee is a natural person and citizen of Louisiana and of the United States, residing in Bueche, West Baton Rouge Parish, Louisiana. Mr. Lee presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of the policies complained of in this action.

2. Defendant Loretta Lynch is sued in her capacity as the Attorney General of the United States. As Attorney General, Lynch is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

3.    Thomas E. Brandon is sued in his capacity as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). As Acting Director of BATFE, Brandon is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5.    Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## STATEMENT OF FACTS

*Plaintiff's Background*

6.    Plaintiff Lee is over the age of 21, is not under indictment, has never been convicted of a misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7.    On November 18, 2005, Lee pled guilty to one count of forgery in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana. The charge arose from Lee's forgery of identification showing that underage individuals were old enough to obtain alcohol. Lee had

committed these acts while he was still in high school, though he was not arrested until the end of his first college semester.

8.   The Nineteenth Judicial District Court held Lee's plea in abeyance, and deferred the imposition of a sentence pursuant to La. C. Cr. P. art. 893 ("Article 893"). Lee was ordered to pay fines, perform community service, forfeit his computer, and submit to two years of probation.

9.   On November 14, 2006, the Nineteenth Judicial District Court set Lee's conviction aside, terminated his probation as having been completed satisfactorily, and dismissed the prosecution of the case against him pursuant to Article 893.

10.  Under Louisiana law, the effect of this dismissal operates as an acquittal. *See* Article 893, subsection (E)(2). Moreover, Louisiana's Constitution provides: "Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense." La. Const. Art. I, § 20. The termination of Lee's probation thus fully restored his civil rights under state law. *See United States* v. *Dupaquier*, 74 F.3d 615 (5th Cir. 1996).

11.  On April 10, 2007, Lee moved for an expungement of his criminal record pursuant to La. R.S. § 44:9. On July 12, 2007, Lee's motion was granted, and the Nineteenth Judicial District Court expunged all public records of Lee's arrest and conviction.

12.  Lee earned a bachelor's degree at Louisiana State University, where he was employed from 2007 through 2015. During that time, Lee rapidly advanced in his level of responsibility, from Technology Intern, to Computer Analyst, Computer Analyst 2, and finally IT Manager 2. During his time at LSU, Lee worked on several high-profile projects (including LSU Mobile, Student Life Website Infrastructure, LSU's Point of Sale infrastructure, and LSU's OneCard Program). Additionally, Lee served on several University committees (LSU Portal Advisory Committee, LSU Academic Center for Student Athletes Technology Advisory Committee,

FAS Steering Committee), and was called on by several University leaders for advice and support in technology matters.

13.     Lee left LSU in January 2015 to consult full-time, and thereby expand both his experience and his paycheck. Lee is presently under contract to provide technology services to various clients.

14.     Lee is raising two children along with his wife of six years, in a small rural subdivision.

15.     Lee is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.

16.     No Louisiana law forbids Lee from possessing firearms.

*Defendants' Regulatory Scheme*

17.     Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

18.     Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. See 18 U.S.C. § 924(a)(2).

19.     "What constitutes a conviction of such a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a

person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

20. Prior to 2014, Defendants' predecessors in office had taken the view that Louisiana convictions for which firearms rights had been restored, including convictions that had been set aside pursuant to Article 893, did not trigger the firearms disability of 18 U.S.C. § 922(g)(1).

21. On June 25, 2014, BATFE's New Orleans Field Division advised federally-licensed firearms dealers in Louisiana that "[l]egal developments have resulted in the determination that this automatic restoration of rights by State law does not restore an individual's firearms rights under federal law."

22. The "legal developments" alluded to by BATFE apparently consisted of a novel Department of Justice interpretation of a by-then sixteen year old Supreme Court decision, *Caron* v. *United States*, 524 U.S. 308 (1998).

23. In *Caron*, the Supreme Court held that the "unless" clause of 18 U.S.C. § 921(a)(20) was triggered, and a conviction remained disabling under 18 U.S.C. § 922(g)(1) notwithstanding a restoration of civil rights, if the subject was still barred from possessing some types of firearms. As the petitioner, Mr. Caron, was barred from possessing handguns outside his home or business, the Court held that he "may not . . . possess . . . firearms" per 18 U.S.C. § 921(a)(20).

24. Defendants now apparently read *Caron* to mean that the "unless" clause is triggered whenever convicted individuals are in any way regulated differently with respect to firearms, even if

state law allows them to possess and carry the full range of firearms that may be possessed and carried by non-convicted individuals.

25.     Under Louisiana law, any individual who may possess a firearm may openly carry that firearm in public. *State* v. *Nelson*, 367 So. 2d 317, 318 (La. 1979). However, individuals convicted of a crime punishable by imprisonment for over one year are ineligible for a permit to carry a *concealed* handgun, even if their conviction had been set aside under Article 893. *See* La. R.S. § 40:1379.3(C)(10). Thus, even though individuals once convicted in Louisiana courts might have had a full restoration of their civil rights; seen their convictions set aside, classified as acquittals, and expunged; and are thus allowed to keep and carry any firearm that anyone else might keep and carry in any place, Defendants believe that such individuals "may not ship, transport, possess, or receive firearms," 18 U.S.C. § 921(a)(20), under state law simply because they may not conceal a handgun while carrying it.

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

26.     In March, 2013, Lee's attempt to purchase a rifle receiver was thwarted by the National Instant Background Check ("NICS") system, operated by the Defendants, on account of the forgery conviction that had since been set-aside. Lee successfully appealed the denial, and on July 12, 2013, the Government issued him a "Unique Personal Identification Number" ("UPIN") to aid his future firearms purchases. Lee thereafter successfully used his UPIN to purchase firearms.

27.     On May 19, 2014, Lee successfully purchased a shotgun using his UPIN. The next day, the retailer called Lee and stated that BATFE had changed its mind, disapproved the sale, and required the firearm's immediate return. Lee returned the firearm and filed another appeal with NICS.

28. On May 28, 2014, Defendants' agents denied Lee's second appeal, and informed him that his UPIN had been "deactivated." Citing *Caron*, Defendants' agents advised Lee that "[t]he United States Supreme Court has held that if a state imposes a partial restriction on an individual's ability to carry or possess one or more types of firearms by a convicted felon, even after basic civil rights had been restored, the individual remains convicted for the purposes of the Gun Control Act." Accordingly, reasoned Defendants' agents, "any person who has been convicted of . . . any crime punishable by imprisonment for a term of one year or greater is prohibited from possessing firearms in the state of Louisiana."

29. Lee desires and intends to possess firearms, including handguns and long guns, for self-defense and for defense of his family. However, per Defendants' instructions, Lee has divested himself of all firearms, and refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he possess a firearm.

COUNT ONE
DECLARATORY AND INJUNCTIVE RELIEF
INTERPRETATION OF 18 U.S.C. §§ 921(a)(20), 922(g)(1)

30. The allegations of paragraphs 1 through 29 are incorporated as though fully set forth herein.

31. Lee's forgery conviction cannot be the basis for a firearms disability under 18 U.S.C. § 922(g)(1), because (A) it has been expunged, (B) it has been set aside, and (C) Lee has had his civil rights fully restored. Per 18 U.S.C. § 921(a)(20), each of these conditions would independently suffice to render Lee's conviction a nullity for purposes of 18 U.S.C. § 922(g)(1), as the "unless" clause of 18 U.S.C. § 921(a)(20) does not apply to set-aside convictions, nor does it otherwise apply to Lee's forgery conviction.

32. Moreover, Defendants' new interpretations of *Caron* is erroneous. *Caron* does *not* stand for the proposition that the "unless" clause is triggered "if a state imposes a partial restriction on an individual's ability to carry or possess one or more types of firearms." *Caron* stands at most for the proposition that if the state bars an individual from possessing one type of firearm, that individual is properly classified as one who "may not . . . possess . . . firearms." 18 U.S.C. § 921(a)(20). Lee's forgery conviction does not bar him from possessing or carrying any type of firearm under Louisiana law.

33. Lee is entitled to declaratory and injunctive relief barring Defendants from enforcing 18 U.S.C. § 922(g)(1) against him on account of his 2005 forgery conviction.

COUNT TWO
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST., AMEND. II

34. The allegations of paragraphs 1 through 33 are incorporated as though fully set forth herein.

35. Lee is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Lee is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

36. On account of Jeffrey D. Lee's unique personal circumstances, including but not limited to the nature of his conviction, the passage of time since that conviction, Lee's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Lee, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief to the effect that 18 U.S.C. § 922(g)(1) cannot be applied against Jeffrey D. Lee on account of his 2005 forgery conviction;

2. Declaratory relief to the effect that application of 18 U.S.C. § 922(g)(1) against Lee, on account of his 2005 forgery conviction, violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Jeffrey D. Lee on the basis of his 2005 forgery conviction;

4. An order directing Defendants to reactivate Jeffrey D. Lee's UPIN or issue him a new UPIN;

5. Costs of suit;

6. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

7. Any other further relief as the Court deems just and appropriate.

Dated: March 28, 2016                    Respectfully submitted,

By: /s/ Alan Gura                         By: /s/ Daniel E. Zelenka, II
Alan Gura*+                                    Daniel E. Zelenka, II
Gura & Possessky, PLLC                         Daniel E. Zelenka, II, APLC
916 Prince Street, Suite 107                   11 Carolina Court
Alexandria, VA 22314                           Covington, LA 70433
703.835.9085/Fax 703.997.7665                  504.421.1323
alan@gurapossessky.com                         dan@dzelenkalaw.com
+Lead Counsel
*Admitted pro hac vice                         Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2016, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties/counsel of record by operation of the court's electronic filing system.

/s/ Alan Gura
Alan Gura

Counsel for Plaintiff